VERNON C. GOINS II (CA SBN 195461)
vgoins@goinslawfirm.com
RAVNEET SANDHU (CA SBN 338166)
nsandhu@goinslawfirm.com
LAW OFFICES OF VERNON C. GOINS
1970 Broadway, Suite 450
Oakland, CA 94612
Telephone: (510) 663-3700
Facsimile: (510) 663-3710

Attorneys for Plaintiff

ROSALYN COLE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ROSALYN COLE, | Case No. 22-cv-03997-SK |
| Plaintiff, | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF ROSALYN COLE'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| vs. | |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

# **TABLE OF CONTENTS**

I.     BACKGROUND ...................................................................................................4

II.     ARGUMENT .....................................................................................................6

A)   STANDARD ON MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)...................6

B)   PLAINTIFF'S FIRST AMENDED COMPLAINT SUFFICIENTLY ALLEGES THAT PLAINTIFF EXHAUSTED HER ADMINISTRATIVE REMEDIES RELATED TO THE TRAINING PROGRAM AND TERMINATION ....................................................................7

    1) PLAINTIFF'S CLAIMS REGARDING THE TRAINING PROGRAM AND TERMINATION ARE REASONABLY RELATED …………………………………...…8

C)   PLAINTIFF'S FIRST AMENDED COMPLAINT SUFFICIENTLY ALLEGES THAT THE CHALLENGED EMPLOYMENT ACTIONS WERE MOTIVATED BY DISCRIMINATION…………………………………………………………....…12

    1) PLAINTIFF SUFFICIENTLY STATES A CLAIM FOR DISCRIMINATION UNDER TITLE VII …………………………………………………………12

        a) THE FIRST *PETERSON* ELEMENT IS SATISFIED …………………….....13

        b) THE SECOND *PETERSON* ELEMENT IS SATISFIED ……..…...…..……13

        c) THE THIRD *PETERSON* ELEMENT IS SATISFIED ..…………..…………14

        d) THE FOURTH *PETERSON* ELEMENT IS SATISFIED …………..…………14

    2) PLAINTIFF'S FIRST AMENDED SUFFICIENTLY STATES A CLAIM FOR DISCRIMINATION UNDER THE ADEA …………………….. …………..………...15

D)   THE FIRST AMENDED COMPLAINT SUFFICIENTLY ALLEGES A CAUSAL LINK BETWEEN THE PROTECTED ACTIVITY AND THE ADVERSE EMPLOYMENT ACTIONS TAKEN AGAINST PLAINTIFF……………………….…………………....…..17

III.     CONCLUSION...................................................................................23

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………..5

*Achal v. Gate Gourmet, Inc*., 114 F. Supp. 3d 781  (N.D. Cal. 2015)………………….17-18

*Baker v. Children's Hospital Medical Center*, 209 Cal. App. 3d 1057 (1989)…………....18-19

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ………………………………………..18

*Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006) ………………………….20

*Cloud v. Brennan*, 436 F.Supp.3d 1290. 1302 (N.D. Cal. 2020)…………………………...7

*Cousins v. Lockyer*, 568 F. 3d 1063 (9th Cir. 2009) ………………………………………5.

*Cortec Indus., Inc. v. Sum Holding L.P*., 949 F.2d 42 (1991) ……………………………13

*Dawson v. Entek International*, 630 F.3d 928 (9th Cir. 2011) ……………………..…….18-20

*Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201 (9th Cir. 2008) ……………………16, 18

*Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876 (6th Cir. 1996))……………………..13

*Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003)……………………………..…….6

*Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F. 3d 1025 (9th Cir. 2008) ……………6, 15

*Okoli v. Lockheed Tech. Operations Co*., 43 Cal. Rptr. 2d 57 (1995)……………………..8, 10

*Oubichon v. North American Rockwell Corp.,* 482 F.2d 569 (9th Cir. 1973) ……………..8-10

*Peterson v. Hewlett-Packard Co.,* 358 F.3d 599, 603 (9th Cir. 2004) ……………………12-16

*Poland v. Chertoff*, 494 F.3d 1174 (9th Cir. 2007) ………………………………………19, 24

*Passantino v. Johnson & Johnson Cons. Prods., Inc.,* 212 F.3d 493 (9th Cir. 2000) …………19, 24

*Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000) ………………………………………….19

*Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938 (2014) ………...14

*Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970). ………………….....8, 10

*Sandhu v. Lockheed Missiles & Space Co.,* 26 Cal. App. 4th 846  (1994) …………………..9-10

*Scheuer v. Rhodes*, 406 U.S. 232, (1974)……………………………………………………12

*Sheppard v David Evans & Assocs.*, 694 F.3d 1045 (9th Cir. 2012) ……………………...16-18, 21

*Shaw v. Hahn*, 56 F. 3d 1128, 1129 (9th Cir. 1995)………………………………………….6

*Shelley v. Geren*, 666 F.3d 599 (9th Cir. 2012) ……………………………………………16

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

1   *Sommatino v. U.S.*, 255 F.3d 704, 707-708 (9th Cir. 2001)……………………………………..6

2   *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011)……………………………………………..6

3   *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ……………………………………….12

4   *Thompson v. N. Am. Stainless, LP,* 562 U.S. 170 (2011) …………………………………20

5   *Univ. of Tex. Sw. Med. Ctr. v. Nass*ar, 570 U.S. 338 (2013) ………………………………..20

6   *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir. 2002) …………………………23

7   *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989  (9th Cir. 2009)…………………………………23

8   *Vasquez v. Cty. of Los Angeles,* 349 F.3d 634 (9th Cir. 2003) …………………………….8

9   *Whitman v. Mineta*, 541 F.3d 929 (9th Cir. 2008)……………………………………………..6

10  *Yartzoff v. Thomas*, 809 F.2d 1371 (9th Cir. 1987)………………………………………….14

11

12  **Rules**

13  Fed. R. Civ. Proc. 12(b)(6) ........................................................................5- 7, 10

14  Fed. R. Civ. Proc. 8(a)(2)............................................................................5-6

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Law Offices of Vernon C. Goins*
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

## I.     **BACKGROUND**

Plaintiff ROSALYN COLE ("Plaintiff") is an African American woman over the age of sixty (60) years old. Plaintiff endured discrimination and retaliation during her employment with the Federal Emergency Management Agency ("FEMA") in Oakland, California. Despite over thirty (30) years of experience in the field, Plaintiff was subject to adverse employment action during her employment at FEMA, including but not limited to: a demotion based on a baseless performance evaluation, an impossibly difficult training plan, and termination from employment. Plaintiff timely exhausted her administrative remedies by presenting complaints to the Department of Homeland Security Equal Employment Opportunity Office ("DHS EEO") within 45-days of her 2017 performance review with Timothy Scranton ("Scranton") and her September 8, 2020 termination. Plaintiff filed this action on July 7, 2022 after exhausting all administrative remedies available (Dkt. No. 1). The Court subsequently granted Defendant's motion to dismiss the July 7, 2022 Complaint with leave to amend. (Dkt. No. 31).  In September 2023, Plaintiff filed a First Amended Complaint ("FAC") to remedy all deficiencies identified in the Court's Order (Dkt. No. 33). The FAC adequately and sufficiently alleges the necessary facts and allegations to assert claims under of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act ("ADEA"). Plaintiff accordingly requests that the Court deny Defendant's Motion to Dismiss the First Amended Complaint ("FAC") for the reasons set forth in this Opposition.

## II.     **ARGUMENT**

### A.   **Standard on a Motion to Dismiss Pursuant to Rule 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Otherwise, the complaint may be dismissed pursuant to Rule 12(b)(6). While a complaint "need not contain detailed factual allegations" to survive a motion to dismiss, "it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F. 3d 1063, 1067-68 (9th Cir. 2009). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

considering the sufficiency of a complaint, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F. 3d 1025, 1031 (9th Cir. 2008). "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011). Additionally, courts "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F. 3d 1128, 1129 (9th Cir. 1995).

### B. Plaintiff's First Amended Complaint Sufficiently Alleges that Plaintiff Exhausted Her Administrative Remedies Related to the Training Program and Termination[1].

To bring a claim of discrimination under Title VII a federal employee must timely exhaust her administrative remedies. *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003).  In particular, the specific claims made in the district court action must have been presented in the Equal Employment Opportunity ("EEO") administrative process. (*Id.*)  To bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies by notifying an EEO counselor of discriminatory conduct within 45 days of the conduct and may submit a formal administrative complaint if the matter is not resolved. *Sommatino v. U.S.*, 255 F.3d 704, 707-708 (9th Cir. 2001). Following final action or 180 days after the filing of initial charges, the complainant may file a civil action. 42 U.S.C. § 2000e-16(c). The ADEA, for its part, requires that a complainant exhaust statutory administrative processes before appealing any loss to a federal court, or provide the EEOC with 30 days' notice of her intent to file a civil action within 180 days after the allegedly unlawful event occurred prior to bringing an action in federal court. *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).

To satisfy this requirement, the plaintiff's complaint must be "'like or reasonably related to the allegations' in an administrative complaint submitted to the EEOC, such that they would fall within 'the scope of an EEOC investigation which could reasonably be expected to grow out of the

---

[1] For unclear reasons, Defendant refers to the 2017 performance review and training/ performance plan as the "Training Program." Accordingly, the term "Training Program," as used in this Opposition, means and refers to Plaintiff's 2017 performance review, as well as the training and/or performance plan that Plaintiff was subsequently issued.

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

administrative charge of discrimination.'" (*Id.*, quoting *Cloud v. Brennan*, 436 F.Supp.3d 1290. 1302 (N.D. Cal. 2020)). When a complaint includes allegations that address conduct that postdates the EEOC's investigation but involves "the same actors and similar conduct" that are "consistent with" the plaintiff's "original theory of the case," such allegations may survive a motion to dismiss for failure to exhaust even though the conduct complained of occurred after the EEOC completed its investigation. (*Id.* at 909).

Here, paragraphs 28 through 34 of the FAC detail the extent to which Plaintiff has exhausted her administrative remedies. Specifically, the FAC states that Plaintiff filed a formal complaint with DHS's Equal Employment Opportunity Office (EEO) on or about June 14, 2018, alleging discrimination based on race (African American), sex (female), color (Black), age (60+), and retaliation. (Dkt. No. 33 at ¶ 28). Plaintiff's charge of discrimination and retaliation was subsequently denied in the Agency's Report of Investigation ("ROI") and Plaintiff then requested a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrative Judge ("AJ"). (*Id.*) On January 26, 2021, an AJ from EEOC's San Francisco District Office issued a decision on the complaint without a hearing, pursuant to 29 C.F.R. § 1614.109(g). The AJ concluded that Plaintiff failed to prove that she was discriminated against as alleged. (*Id.* at ¶ 29).

On March 2, 2021, the Department of Homeland Security issued a Final Order adopting the AJ's finding. (*Id.* at ¶ 30). On January 21, 2022, Plaintiff appealed the final order to the EEOC Office of Federal Operations ("OFO"). (*Id.* at ¶31). In her appeal, Plaintiff elaborated on her previous claims of discrimination and retaliation to include the information and facts leading up to her termination in 2020. (*Id.*)  In a decision dated April 4, 2022, the OFO confirmed the denial of Plaintiff's charge of discrimination and retaliation. (*Id.* at ¶ 32). Plaintiff subsequently submitted a 'Request for Reconsideration in Support of Appeal of Final Agency Decision Dated April 4, 2022' on May 9, 2022. (*Id.* at ¶ 33).

1. Plaintiff's Claims Regarding the Training Program & Termination Are Reasonably Related.

"When an employee seeks judicial relief for incidents not listed in his original charge to the [Equal Employment Opportunity Commission (EEOC)], the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge,

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

including new acts occurring during the pendency of the charge before the EEOC." *Oubichon v. North American Rockwell Corporation,* 482 F.2d 569, 571 (9th Cir. 1973); *Okoli v. Lockheed Tech. Operations Co*., 43 Cal. Rptr. 2d 57, 61 (1995).  A court evaluating the similarity of a plaintiff's EEOC complaint and her Title VII claims may consider "such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred," in addition to whether the plaintiff's civil claims are consistent with the plaintiff's original theory of the case. *Vasquez v. City of Los Angeles,* 349 F.3d 634, 644 (9th Cir. 2003). Additionally, the scope of the complaint is limited not by the EEOC charge, but rather by "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.* 431 F.2d 455, 466 (5th Cir. 1970).  As the *Sanchez* court explained, the purpose of a charge of discrimination is to "trigger the investigatory and conciliatory procedures of the EEOC." (*Id.*) Essentially, if an investigation of what was charged in the EEOC would necessarily uncover other incidents that were not charged, the latter incidents could be included in a subsequent action. *Okoli,* supra, 43 Cal. Rptr. 2d 62.

In *Oubichon*, the plaintiff employee's EEOC complaint alleged a policy of racial discrimination by the employer that was manifested by plaintiff's disciplinary suspension for marching in a September 1966 Congress of Racial Equality sponsored demonstration against the employer. While the EEOC complaint was being investigated, the employer engaged in three additional acts of racial discrimination between March through June 1967. On appeal, the employer argued that the court lacked subject matter jurisdiction to consider the last three incidents. In rejecting the employer's argument, the Ninth Circuit stated: "To force an employee to return to the state agency every time he claims a new instance of discrimination in order to have the EEOC and the courts consider the subsequent incidents along with the original ones would erect a needless procedural barrier." *Oubichon v.  North American Rockwell Corp.*, supra, 482 F.2d at p. 571. The court reasoned that the latter three incidents of racial discrimination were 'like or reasonably related' to the first incident and thereby were sufficient to be considered together. (*Id.*)

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

Similarly, the cases *Sandhu*[2] *v. Lockheed Missiles & Space Co.* and *Baker v. Children's Hospital Medical Center* both involve situations where an investigation by the DFEH into the charges that were alleged would have led to discovery and the opportunity to conciliate the charges that were not alleged. In *Sandhu*, Sandhu's DFEH complaint alleged that his employer discriminated against him on the basis of race (Asian).  After obtaining his right to sue letter from the DFEH, Sandhu filed a complaint on the basis of race and national origin discrimination. His employer demurred on the grounds that Indians were Caucasians and therefore could not be discriminated against, and with respect to national origin, that Sandhu had not identified national origin discrimination in his DFEH charge. The Court held that Sandhu had a cognizable claim for racial discrimination under the FEHA because he was subject to a discriminatory animus based on his membership in a group which was perceived to be distinct from other employees and which was not based on birthplace alone. *Sandhu v. Lockheed Missiles & Space Co.,* 26 Cal. App. 4th 846, 851-60 (1994).  The Court also held that Sandhu's claim for national origin discrimination was viable since the administrative investigation into his charge of race discrimination likely encompassed national origin as well. (*Id*. at 858-859.) Here, Plaintiff's claims related to the Training Plan and Termination of employment are related to each other and are the result of a chain of events, each of which caused the other. Specifically, Plaintiff's 2017 performance evaluation caused the Training Plan to be issued, which ultimately caused Plaintiff to be terminated from her employment.

Similarly, in *Baker*, the Court allowed Baker to pursue claims that were not included in his DFEH charge, but were "like or reasonably related to" the claim that was made. *Baker v. Children's Hospital Medical Center*, 209 Cal. App. 3d 1057 (1989).  Baker, an African American male, was a college student who worked part-time at the hospital during the school year and worked 'on-call' shifts during his summer breaks. Between the summers of 1982-1983, Baker worked an excessive number of hours during his time off and therefore expected to continue a similar shift schedule for the summer of 1984. However, Baker's supervisor did not schedule him for any shifts or give any additional work hours in the summer of 1984.  In May of 1985, Baker filed a DFEH charge claiming that, during the summer of 1984, he was the victim of racial discrimination in that he was denied the

---

[2] There is no relationship between Plaintiff's counsel, Ravneet Sandhu, and the plaintiff in *Sandhu v. Lockheed Missiles & Space*, 209 Cal. App. 3d 1057 (1989)).

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

opportunity to work on-call hours in favor of a Caucasian employee with less seniority. In his subsequent complaint in the superior court, Baker alleged that the hospital harassed him, subjected him to differential treatment and biased evaluations, engaged in racial epithets, denied him promotions, and stopped calling him for "on-call" work shifts in favor of a Caucasian after he filed his internal grievance. The Court in *Baker* concluded that "...the allegations of harassment and differential treatment encompass the allegations of discrimination in his DFEH complaint. Moreover, it is reasonable that an investigation of the allegations in the original DFEH complaint would lead to the investigation of subsequent discriminatory acts undertaken by respondents in retaliation for appellant's filing an internal grievance." *Baker*, supra, 209 Cal. App. 3d 1065.

Here, Plaintiff's allegations regarding the 2017 performance review, trailing plan, and termination of employment are all consistent with the same "alleged bas[e]s of discrimination," namely, race and age. It is therefore reasonable to presume that an investigation into the allegations related to Plaintiff's claims regarding the training plan would also lead to the investigation of subsequent discriminatory acts undertaken by Defendant in retaliation for, and in response to, Plaintiff's administrative complaint, including but not limited to the eventual termination of employment.  Moreover, Plaintiff's claims regarding the training plan are "like or reasonably related to" the claims based on the 2017 performance evaluation. Specifically, 'but for' Plaintiff's complaints related to the 2017 performance evaluation, Plaintiff would not have been issued an impossibly difficult training plan. The FAC also alleges that Plaintiff's negative 2017 performance review resulted from race and gender discrimination, as well as retaliation for her participation in a separate EEOC investigation. (Dkt. No. 33 at ¶¶ 25, 27-28, 49, 58-59.)

Additionally, the FAC alleges that Plaintiff's  placement on a rigorous (if not impossible) training and/or performance plan followed from the initial act of racial and gender discrimination and retaliation subject to the initial complaint(s) related to the 2017 performance evaluation. (*Id.* at ¶¶ 25-26, 28, 49.) Similarly, the FAC also alleges that the termination of Plaintiff's employment resulted from her alleged failure to complete the performance plan that resulted from her discriminatory and retaliatory performance review, and was itself an act of retaliation and discrimination on the basis of race, gender, and age. (*Id.* at ¶¶ 25, 29, 41, 48-49, 59, 66-67.)

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

1    Similarly, Plaintiff alleges sufficient details as to the timeline of the EEOC investigation in which

2    she served as a witness relative to the subsequent challenged employment actions, as well as the

3    extent to which the training plan and termination of Plaintiff's employment involved "the same

4    actors and similar conduct" as the EEOC investigation and her initial performance review. (*Id.* at

5    ¶¶ 25, 27-28, 49, 58-59.)

6        Thus, Plaintiff sufficiently and adequately asserts that a causal link between the issuance of the

7    training plan and the termination of her employment exists because the instances involved "the same

8    actors and similar conduct" as the EEOC investigation and her initial performance review.

9    Furthermore, the theory of the case and detail regarding the timeline, actors, and discriminatory

10   nature of the conduct alleged are clarified in the FAC. Based on the foregoing, Plaintiff has

11   demonstrated that she has exhausted all administrative remedies related to the training plan and

12   subsequent termination of employment, and Defendant's allegations that Plaintiff did not

13   administratively exhaust her remedies as they relate to her challenging the performance plan, her

14   termination, and perceived discrimination and retaliation under the ADEA or Title VII are thus

15   incorrect. Accordingly, the Court should dismiss Defendants Motion to Dismiss the First Amended

16   Complaint on this basis.

17   **C.   Plaintiff's First Amended Complaint Sufficiently Alleges that the Challenged**

18        **Employment Actions Were Motivated by Discrimination.**

19        **1.   Plaintiff Sufficiently States a Claim for Discrimination Under Title VII.**

20        To state a prima facie claim of discrimination based on disparate treatment under Title VII, a

21   plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for his

22   position; (3) he experienced an adverse employment action; and (4) similarly situated individuals

23   outside his protected class were treated more favorably, or other circumstances surrounding the

24   adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-*

25   *Packard Co.,* 358 F.3d 599, 603 (9th Cir. 2004). However, at the motion to dismiss stage, a plaintiff

26   need not necessarily plead facts establishing each of these four elements. *Swierkiewicz v. Sorema*

27   *N.A.,* 534 U.S. 506, 511 (2002). Nonetheless, courts "look to those elements to analyze a motion to

28   dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face." *Achal v. Gate Gourmet, Inc.,* 114 F. Supp.3d 781, 796-97 (N.D. Cal. 2015).

On the pleadings, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims." *Swierkiewicz,* supra, 534 U.S. at 511,

quoting *Scheuer v. Rhodes,* 406 U.S. 232, 236 (1974).

a)   The First *Peterson* Element is Satisfied

The first *Peterson* element is satisfied because the First Amended Complaint sufficiently

demonstrates that Plaintiff is a member of a protected class. Specifically, the FAC expressly states

that Plaintiff is an African American woman over the age of 60.  (Dkt. No. 33 at ¶ 37).

b)   The Second *Peterson* Element is Satisfied

Defendants allege that "Plaintiff's general allegations of satisfactory performance are again

insufficient to plausibly allege the second *Peterson* element" because no "details of Plaintiff's

satisfactory performance are described within the Amended Complaint itself." (Dkt. No. 36 at p.10.)

Defendants further contend that the documents attached to Plaintiff's FAC are insufficient to

demonstrate that Plaintiff was qualified for her position and that Plaintiff's performance was

satisfactory around the time of each adverse action because "[t]he documents generally lack specific

factual statements about Plaintiff's performance and largely do not describe the date range from

which the authors' conclusions are based upon, making them too conclusory to be relied upon to

plead satisfactory performance." (*Id.* at p.11.)

Contrary to Defendant's contentions, the second *Peterson* element is satisfied because the FAC

includes factual and temporal specifics regarding Plaintiff's qualifications, awards, and performance

evaluations and accordingly demonstrates that Plaintiff was qualified for her position pursuant to the

second Peterson element. (Dkt. No. 33 at ¶¶ 9, 13, 14, 18, 27, 38, 40, 42, 43, 56, 58, 65, 67, 69.)

Similarly, Plaintiff's credentials are demonstrated throughout the First Amended Complaint and

subsequently reiterated in nearly every cause of action stated therein (*Id.*) Moreover, the documents

attached and incorporated to Plaintiff's First Amended Complaint further elaborate on Plaintiff's

skills and qualifications, including but not limited to the inclusion of various letters of support from

colleagues, supervisors, and other FEMA employees. (*Id.* at pp. 52-58). Likewise, the FAC not only

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

references, but also attaches, various certificates and awards received Plaintiff received at or around the time of the adverse action taken against her. (*Id.,* at pp. 62, 135.) "[A] court can consider documents that are either attached to the complaint or incorporated into it by reference" on a Rule 12(b)(6) motion to dismiss. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46-48 (1991). Accordingly, the second *Peterson* element is satisfied.

       c)  <u>The Third *Peterson* Element is Satisfied</u>

Under Title VII, an adverse employment action is a materially adverse change in the terms of employment. *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876 (6th Cir. 1996). Here, the third *Peterson* element is satisfied in the FAC because Plaintiff sufficiently demonstrates that she experienced an adverse employment action by way of the negative 2017 performance evaluation containing false information, the rigorous performance plan, and her termination even after successfully completing the performance plan. (Dkt. No. 33 at ¶¶ 14-34.) Defendant again repeats the same argument that was previously dismissed by the Court. Specifically, Defendant's motion alleges that Plaintiff fails to satisfy the third element under *Peterson* because "she does not plausibly suggest that she had satisfactory performance at the time of the adverse employment actions, that her remedial training program was not an adverse employment action, nor that her purported similarly situated individuals were similar in all material respects." (Dkt. No. 36 at p. 7.)

"At this stage, accepting Plaintiff's factual allegations as true and drawing all reasonable inferences in favor of Plaintiff as required when considering a motion to dismiss, this Court finds that Plaintiff has adequately alleged that her 2017 performance review constituted an adverse employment action. *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)"; see also *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) ["undeserved performance ratings, if proven, would constitute 'adverse employment decisions'" under Title VII"]. (Dkt. No. 31 at p.15.) The FAC further corrects the alleged deficiencies previously identified by the Court by providing details and examples to sufficiently allege "that her placement on the performance plan constituted an adverse employment action." (*Id.*) The FAC further adds additional facts and allegations to sufficiently allege that the "performance plan materially affected the compensation, terms, conditions, or privileges of her employment sufficient

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

to constitute an adverse employment action. (*Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, supra, 768 F.3d 938, 945).

Moreover, the FAC states that the 2017 performance review caused Plaintiff to be demoted from rank III and put on a rigorous performance plan that was nearly impossible to complete, while she completed her normal work duties. (Dkt. No. 33 at ¶ 17.) The FAC further provides that despite completing the training plan to the best of her ability, Plaintiff was terminated because her "leadership score" on the performance plan was allegedly "too low." (*Id.* at ¶¶ 19, 23-27.) Accordingly, the third *Peterson* element is satisfied.

d)   The Fourth *Peterson* Element is Satisfied

Finally, the fourth *Peterson* element is satisfied in the FAC because Plaintiff sufficiently demonstrates that "similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson,* supra, 358 F.3d 599, 603. Specifically, the FAC pleads that similarly situated male colleagues who were Caucasian and shared the same FCO title were treated more favorably and never subject to performance plans or termination, despite engaging in unprofessional conduct such as swearing, screaming, and sexual harassment. (Dkt. No. 33 at ¶¶ 20-22.) This is sufficient factual matter, which must be accepted as true, to state a claim to relief, and which is plausible on its face.

The facts as plead must be taken in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F. 3d 1025, 1031 (9th Cir. 2008). Here, Plaintiff pleads that the 2017 performance review contained false information, was based on events that occurred 5 to 10 months before the review, and that Plaintiff was not given notice of her alleged shortcomings. (Dkt. No. 33 at ¶¶ 12-16.) Given that there were no prior issues with Plaintiff's performance between 2013 and 2017, and that male Caucasian colleagues sharing her title were not subject to adverse employment actions in spite of disrespectful or harassing conduct, such facts give rise to a strong inference that discrimination, including Plaintiff's race, gender, and age, were motivating factors for the adverse employment actions. (*Id.*) Thus, Plaintiff has adequately pled a claim of discrimination under Title VII. The motion to dismiss these claims should be denied.

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

### 2.  Plaintiff Sufficiently Alleges Claims of Discrimination Under the ADEA

Defendant alleges that "the Amended Complaint lacks sufficient facts to plausibly infer the second and fourth *Sheppard* elements for Plaintiff's ADEA claim: that her performance was satisfactory at the time of her termination, and that the circumstances give rise to an inference of age discrimination." (Dkt. No. 36 at 7.) Once again, this is incorrect. To plead a prima facie case of age discrimination under the ADEA, a plaintiff's complaint must allege "(1) that she was at least forty years old; (2) she was performing her job satisfactorily; (3) discharged; and (4) either replaced by a substantially younger employee with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard v David Evans & Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012). To establish an inference of discrimination satisfying the fourth element, a plaintiff may show either that "the employer had a continuing need for the employee's skills and services in that their various duties were still being performed," or "by showing that others not in their protected class were treated more favorably." *Id.* at 1049-50; *Shelley v. Geren*, 666 F.3d 599, 608 (2012); *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (2008).

a)  The First Element Under *Sheppard* is Satisfied

The first element under *Sheppard* is satisfied because the FAC demonstrates that Plaintiff is a protected class since she is over the age 60 years old. (Dkt. No.33 at ¶¶ 25, 27-28, 49, 58-59.)

b)  The Second Element Under *Sheppard* is Satisfied Because Plaintiff Sufficiently Demonstrates That She Was Qualified for the Position

Although this Court previously discarded Defendant's argument on this basis, Defendant once again inappropriately contends that "[t]he Amended Complaint fails to state a plausible ADEA claim because it does not plausibly allege that Plaintiff performed her job satisfactorily at the time of her termination, nor that there were circumstances suggestive of age discrimination." (Dkt. No. 36 at p.19.) It is unclear why Defendant once again pleads the same claims, despite the Court's conclusion that "this argument is more appropriate for summary judgment and declines to consider it" at this stage. (Dkt. No.31 at p. 17).

Here, the second element under *Sheppard* is satisfied for the same reasons under *Peterson*. Specifically, the FAC includes factual and temporal specifics regarding Plaintiff's qualifications, awards, and performance evaluations and accordingly demonstrates that Plaintiff was qualified for her position pursuant to the second Peterson element. (Dkt. No.33 at ¶¶ 9, 13, 14, 18, 27, 38, 40, 42, 43, 56, 58, 65, 67, 69.) Similarly, Plaintiff's credentials are demonstrated throughout the First Amended Complaint and subsequently reiterated in nearly every cause of action. (*Id*.) The documents attached and incorporated to Plaintiff's First Amended Complaint further elaborate on Plaintiff's skills and qualifications, including but not limited to the inclusion of various letters of support from colleagues, supervisors, and other FEMA employees. (Dkt. No.33 at pp. 52-58.) Likewise, the FAC not only references, but also attaches, various certificates and awards received Plaintiff received at or around the time of the adverse action taken against her. (Dkt. No.33 at pp. 62, 135.)

Additionally, the FAC provides additional "details regarding when the positive performance evaluations occurred relative to the termination of [Plaintiff's] employment on September 8, 2020." (Dkt. No. 31 at p. 18). Specifically, paragraphs 10 through 19 of the FAC describe the timeline of events, including but not limited to Plaintiff's involvement as a witness in an EEOC investigation against Defendant, Defendant's knowledge of Plaintiff's involvement, the lack of any prior complaints against Plaintiff's performance and/or work ethic, followed by the baseless performance review and termination of employment shortly thereafter. Accordingly, the second element under *Sheppard* is also satisfied. (Dkt. No.33 at ¶¶ 10-19.)

c)   The Third & Fourth Elements Under *Sheppard* Are Satisfied Because Plaintiff Sufficiently Demonstrates That She Was Denied Employment In Favor of Younger Caucasian Employees

"While a plaintiff need not plead facts constituting all elements of a prima facie employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss, courts nevertheless look to those elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Achal v. Gate Gourmet, Inc.,* 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015).

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

1

In this case, Defendant's claims that the third and forth elements under *Sheppard* are not

2

satisfied in the FAC are incorrect and redundant in light of this Court's previous determination that

3

Plaintiff adequately and sufficiently pleads the first, third, and forth elements under *Sheppard*. (Dkt.

4

No. 31 at p.18.) Further, as the Court previously determined, "the Ninth Circuit has held that

5

allegations similar to Plaintiff's—namely, that she was terminated while younger FCOs remained

6

employed—are sufficient to give rise to an inference of age discrimination that satisfies the fourth

7

element of a prima facie ADEA case. *Sheppard*, supra, 694 F.3d at 1050 (finding "entirely

8

plausible scenario of employment discrimination where plaintiff over forty who had consistently

9

good performance reviews was nevertheless terminated from employment while younger workers in

10

the same position kept their jobs"). (*Id.*)

11

Here, the third and fourth elements under *Sheppard* are satisfied because the FAC pleads that

12

younger male Caucasian FCOs were not placed under performance plans, reprimanded, or

13

terminated even after Ms. Cole witnessed disrespectful, insubordinate, and harassing behavior by

14

those FCOs. (Dkt. No. 33 at ¶¶ 20-28, 49, 58-59.) "An inference of discrimination can be

15

established by…showing that others not in their protected class were treated more favorably." *Diaz*

16

*v. Eagle*, 521 F.3d 1201, 1207-1208 (9th Cir. 2008). The allegations also sufficiently demonstrate

17

that younger male Caucasian FCOs suffered no adverse employment actions even while engaging in

18

concerning conduct (swearing, yelling, and sexual harassment), and thus "nudge" an inference of

19

discrimination "across the line from conceivable to plausible." (Dkt. No. 33 at ¶¶ 25, 27-28, 49, 58-

20

59); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

21

Accordingly, the Complaint adequately alleges the all four elements required to assert a

22

cause of action for age discrimination under the ADEA. Thus, the motion to dismiss should be

23

denied.

24

### D. <u>The First Amended Complaint Sufficiently Alleges a Causal Link Between the Protected Activity & the Adverse Employment Actions Taken Against Plaintiff</u>

25

To establish a prima facie case of retaliation, the plaintiff must show that (1) she engaged in a

26

protected activity, (2) was subsequently subjected to an adverse employment action, and (3) that a

27

causal link exists between the two events. *Dawson v. Entek International,* 630 F.3d 928, 936 (9th

28

Cir. 2011). The causal link may be inferred from circumstantial evidence, including the employer's

knowledge of the protected activities or the proximity in time between the protected activity and the adverse action. (*Id.*) To show knowledge, "a plaintiff must present evidence that shows that the particular decision maker who authorized or committed the adverse employment action was aware that plaintiff had engaged in protected activity." *Dotson v. Cty. of Kern*, No. 1:09-CV-1325, 2011 WL 902142, at *8 (E.D. Cal. Mar. 15, 2011) (discussing in context of burden at summary judgment).). However, where an "employee with bias . . . precipitates an investigation that leads to an adverse employment action but an employee without bias makes the final decision to take the adverse action," the precipitating employee's bias "is imputed to the employer if the plaintiff can prove that the allegedly independent adverse employment decision was not actually independent because the biased subordinate influenced or was involved in the decision or decision-making process." *Poland v. Chertoff*, 494 F.3d 1174, 1181, 1182 (9th Cir. 2007). When considering allegations of causation on the basis of temporal proximity, "when adverse employment decisions are taken within a reasonable period of time" following protected activity under Title VII, "retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 507 (9th Cir. 2000)). If a plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant employer to offer evidence that the challenged action was taken for legitimate, non-discriminatory reasons. *Dawson*, supra, 630 F.3d at 936. If the employer makes such a showing, then the burden shifts back to the plaintiff to show that the defendant's explanation is "merely a pretext for impermissible discrimination." *Id.*, citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

As the following paragraphs will demonstrate, Defendant's claims that "Plaintiff fails to plausibly allege a causal link between any adverse employment action and her protected activity because she neither plausibly alleges that the deciding or initiating officials were aware of her EEO activity, nor that her EEO activity was temporally proximate to the adverse employment actions" are false. (Dkt. No. 36 at p. 20.) Similarly, Defendant's contention that "[t]he Amended Complaint does not plausibly allege that the deciding or process-initiating managerial officials were aware of Plaintiff's involvement in the prior EEOC matter before the challenged employment actions" is incorrect. (Dkt. No. 36 at p. 21.) Moreover, this Court previously determined that "Plaintiff has

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

adequately alleged that she engaged in a protected activity under 42 U.S.C. § 2000e- 3(a) (testifying in an EEOC investigation,) and suffered adverse employment actions (the 2017 performance review and termination of her employment)" but otherwise found that Plaintiff's initial complaint did adequately allege "a causal link under either the knowledge or temporal proximity theory." (Dkt. No. 36 at p. 20.)

    a)  <u>The First Element is Satisfied Because Plaintiff Engaged in a Protected Activity</u>

The first element is satisfied because the FAC sufficiently demonstrates that Plaintiff is of a protected class and engaged in a protected activity. Specifically, Plaintiff is an African American woman who is over the age of 60.  (Dkt. No. 33 at ¶¶ 2, 37, 55, 65.) The FAC also demonstrates that Plaintiff engaged in protected activity by testifying and assisting in an EEOC complaint involving discrimination by white FCOs towards a non-white FCO. (Dkt. No. 33 at ¶¶ 10-13.) As a result of engaging in the protected activity, Plaintiff suffered a range of adverse employment actions, including but not limited to, the negative 2017 performance review, unwarranted reprimands, and termination. (Dkt. No. 33 at ¶¶ 10-19.)

    b)  <u>The Second Element is Satisfied Because Plaintiff's Employer Subjected Her to Adverse Employment Action For Discriminatory and Retaliatory Reasons</u>

Whereas an adverse employment action for purposes of a disparate treatment claim must materially affect the terms and conditions of a person's employment, an adverse action in the context of a retaliation claim need not materially affect the terms and conditions of employment so long as a reasonable employee would have found the action materially adverse, which means it might have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006); see also *Thompson v. N. Am. Stainless, LP,* 562 U.S. 170 (2011) [applying the *Burlington* standard].

Here, Plaintiff experienced an adverse employment action because of her involvement and/or participation in a protected activity because Plaintiff was demoted from rank III and put on an incredibly difficult and impossible to complete performance / training plan, and that Plaintiff was terminated after [she] completed the performance plan because [her] "leadership score" on the performance plan was too low. (*Id.* at p. 41, ¶ 7).  Defendant failed to provide any non-discriminatory and/or non-retaliatory reason(s) for the adverse employment action against Plaintiff

because the 2017 annual performance review was "full of vague allegations and false statements, which Timothy Scranton, [Plaintiff's] supervisor at the time, refused to explain or justify. (*Id*.)

The FAC further demonstrates that Plaintiff received various positive reviews for her performance prior to the 2017 performance review, and that Plaintiff's performance during the same evaluation period was above satisfactory. Moreover, the FAC not only references, but also attaches several awards and certificates that Plaintiff received during the relevant period between 2017 and 2018. Despite the negative performance evaluation in 2017, Plaintiff received a Certificate of Appreciation for her work on or around July 31, 2017, as well as a Notification of Personnel Action effective October 29, 2017, which indicates that, as of that date, Plaintiff's performance was "at an acceptable level of competence." (*Id*. at p. 44, ¶¶ 27-28.) Plaintiff's qualifications, accomplishments, letters of support, and other related documents are not only included in the facts and allegations set forth in the FAC, but also in the exhibits attached and incorporated therein. Accordingly, the second element under Sheppard is satisfied in the FAC.

   c)  <u>The Third Element is Satisfied Because Plaintiff Sufficiently Demonstrates a Causal Link Between the Protected Activity and the Adverse Employment Action</u>

A causal link exists between the protected activity and the employer's action. *Dawson v. Entek Int'l,* 630 F.3d 928, 936 (9th Cir. 2011). A causal link may be inferred either by showing an employer had knowledge of the protected activity or that the protected activity and adverse action were temporally proximate. (*Id*.) A plaintiff must prove "but-for" causation. *Univ. of Tex. Sw. Med. Ctr. v. Nass*ar, 570 U.S. 338, 360 (2013). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." (*Id*.)

Defendant's motion incorrectly contends that "Plaintiff fails to plausibly allege a causal link between any adverse employment action and her protected activity because she neither plausibly alleges that the deciding or initiating officials were aware of her EEO activity, nor that her EEO activity was temporally proximate to the adverse employment actions." (Dkt. No. 36 at 20). In this case, the causal connection should be seen as a chain that began with Plaintiff's involvement in the other EEOC matter, which caused the negative 2017 performance review and subsequent training plan and finally culminated in Plaintiff's termination in 2020. It is, in essence, a domino effect.

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

Moreover, the third element under *Sheppard* is satisfied because the First Amended Complaint sufficiently and adequately alleges a causal link under both proximity and knowledge theories in accordance with the Court's Order. (Dckt. No. 31). Specifically, the FAC demonstrates a causal connection between Defendants "knowledge of the protected activities" and the adverse action taken against Plaintiff as a result. In addition to the various facts and allegations specified in the FAC, the exhibits attached and incorporated to the FAC further provide additional details regarding the extent to which Plaintiff was discriminated against. For example, in Plaintiff's Declaration on page 40 of the FAC, Plaintiff states that: (1) Scranton and other supervisors were aware of Plaintiff's involvement in protected activities, including but not limited to witnessing and experiencing various forms of discrimination and serving as a witness to an EEOC complaint based on racial discrimination (Dkt. No. 33 at 42, ¶ 11); (2) that Plaintiff believes with reasonable certainty that Timothy Scranton wrote the 2017 performance review (*Id*. at ¶ 10); (3) that Plaintiff's involvement in the protected activity, including her participation in the EEOC complaint, occurred shortly prior to the 2017 annual performance review was issued (*Id*. at ¶ 12); (4) that Plaintiff experienced an adverse employment action because of her involvement and/or participation in a protected activity because she was "put on the performance plan and demoted" from her position (*Id.* at ¶ 9), and because the training plan was intentionally created to be "impossible to complete while completing all of [Plaintiff's] normal work duties. Then [Plaintiff] was terminated after [she] completed the performance plan because [her] "leadership score" on the performance plan was too low. (*Id*. at 41, ¶ 7); and (5) that Defendant failed to provide a non-discriminatory and/or non-retaliatory reason(s) for the adverse employment action against Plaintiff since the 2017 annual performance review was "full of vague allegations and false statements, which Timothy Scranton, [Plaintiff's] supervisor at the time, refused to explain or justify. [Plaintiff] was demoted from rank III" and because no prior action or complaints had been brought against her prior to the relevant 2017 evaluation period. (*Id*.) No further explanation or evidence was provided to support Defendant's claims of a non-discriminatory or retaliatory basis to justify the adverse action taken against Plaintiff.

Similarly, a causal connection is also demonstrated because Plaintiff participated in the EEOC investigation and provided testimony of the supervisor's unlawful and discriminatory conduct

Law Offices of Vernon C. Goins
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

towards the non-Caucasian employee (Dkt. No. 36 at ¶10); Timothy Scranton and other FEMA management was aware that Plaintiff participated in the EEOC investigation; Scranton further publicized false and baseless allegations regarding Plaintiff's claims against other supervisors, as well as Plaintiff's allegedly unsatisfactory performance and work-ethic, which in turn harmed Plaintiff's reputation. (Dkt. No. 33 at 45, ¶ 37.)

To infer retaliation based on temporal proximity alone, the adverse employment action "must have occurred fairly soon after the employee's protected" activity. *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). The Ninth Circuit has indicated that, while a gap of 42 days, 59 days, or less than three months may permit such an inference to be drawn, lapses of four months, five months, eight months, 12 months, and 17 months preclude drawing this inference from timing alone. *See id.* (collecting cases). However, the Ninth Circuit has "since made clear that a specified time period cannot be a mechanically applied criterion, and have cautioned against analyzing temporal proximity without regard to its factual setting." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1003 (9th Cir. 2009).

Here, a causal connection under the proximity theory is established in the preceding paragraphs of the FAC, which demonstrate that "shortly after participating in the EEOC investigation, Plaintiff received her 2017 annual performance review from her supervisor, Tim Scranton ("Scranton")." (Dkt. No. 33 at ¶ 12.) Contrary to Defendant's assertions, proximity is satisfied because the protected activity occurred in 2017 and the performance review was issued only months thereafter. Similarly, the FAC successfully demonstrates that the 2017 performance evaluation "was not actually independent because the biased subordinate influenced or was involved in the decision or decision-making process." *Poland v. Chertoff*,  494 F.3d 1174, 1181, 1182 (9th Cir. 2007). When considering allegations of causation on the basis of temporal proximity, "when adverse employment decisions are taken within a reasonable period of time" following protected activity under Title VII, "retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 507 (9th Cir. 2000).

The proximity theory is further satisfied through the facts and allegations in the FAC that specify the non-justifiable basis for which Plaintiff was provided the performance review and

**Law Offices of Vernon C. Goins**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

1  training plan (Dkt. No. 36 at ¶ 12) and that Plaintiff had previously never received a performance

2  review or training / performance plan during her decades of employment (*Id*. at ¶ 13).  Thus, the

3  scope of time is particularly limited to the months between Plaintiff's involvement in the EEOC

4  complaint and the subsequent performance review which was provided to her shortly thereafter and

5  during the same year.   Finally, proximity is demonstrated through the exhibits that are attached and

6  incorporated to Plaintiff's FAC, including but not limited to the Notification of Personnel Action

7  effective October 29, 2017, which expressly indicates that as of October 28, 2017, Plaintiff's

8  performance was "at an acceptable level of competence."

9      As demonstrated, the knowledge of Plaintiff's supervisors, including Timothy Scranton, taken

10  in conjunction with the close proximity of Plaintiff's participation in a protected activity and the

11  adverse employment action that resulted from such involvement, as well as the baseless, vague, and

12  ultimately allegations asserted in the 2017 performance review, sufficiently and adequately establish

13  a causal connection under the proximity theory. Accordingly, all elements under *Sheppard* are

14  satisfied, and Plaintiff's First Amended Complaint adequately and sufficiently pleads a claim of

15  retaliation on the basis of discrimination.

16          **III.    CONCLUSION**

17      For the reasons set forth, Plaintiff respectfully request that this Court deny Defendant's Motion

18  to Dismiss. Additionally, Plaintiff prays for leave of Court to amend the complaint to address any

19  deficiency in the pleadings that this Court finds.

20

21

22  Dated: November 20, 2023                    LAW OFFICES OF VERNON C. GOINS

23

24                              /s/ Ravneet Sandhu
25                              VERNON C. GOINS II
26                              RAVNEET SANDHU
                                Attorneys for Plaintiff
27                              ROSALYN COLE

28