ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
VALERIE E. SMITH (NYRN 5112164)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6985
    FAX: (415) 436-6487
    Valerie.Smith2@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSALYN COLE,<br><br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | CASE NO. 3: 22-cv-3997<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date: January 8, 2023<br>Time: 9:30 a.m.<br><br>The Honorable Sallie Kim |

Defendant Alejandro Mayorkas submits the following Reply in further Support of Defendant's Motion to Dismiss the Amended Complaint (Dkt. No. 36) ("Motion"), and in response to Plaintiff Rosalyn Cole's Opposition to the Motion (Dkt. No. 42) ("Opposition" or "Opp.").

## I. INTRODUCTION

The Amended Complaint ("Am. Compl.") fails to address the issues that plagued the Plaintiff's initial Complaint and for substantially the same reasons, should be dismissed in its entirety. The Amended Complaint contains boilerplate, vague, and conclusory allegations that fail to provide Defendant notice of the acts and theories on which Plaintiff claims she is entitled to relief. "[C]ourts in this circuit have flatly rejected" this very type of pleading because it "fails to give adequate notice of the factual premise of a claim." *Int'l Metaphysical Ministry, Inc. v. Wisdom of Heart Church*, No. 21-CV-08066, 2022 WL 19691043, at *8 (N.D. Cal. Dec. 19, 2022) (collecting cases).

The Amended Complaint fails to allege administrative exhaustion. Second, even if the Amended Complaint properly alleged administrative exhaustion for each claim, the Amended Complaint still fails to allege sufficient facts that plausibly establish or support an inference that Plaintiff received a poor performance review in 2017, was demoted, was placed on a remedial training program, or that she was terminated because of her age, race, color, gender, or her participation in activities protected by Title VII and ADEA. Accordingly, Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety.

## II. ARGUMENT

### A. The Amended Complaint's Exhaustion Allegations are Still Deficient.

Plaintiff concedes that she has not directly administratively exhausted the claims alleged in the Amended Complaint. Instead, Plaintiff argues that the claims are "reasonably related" to the original administrative charge. The Amended Complaint fail to allege that Plaintiff satisfied Title VII's and ADEA's exhaustion requirement for anything other than the 2017 performance appraisal. *See Burnes v. Chavez*, No. 19-CV-03420, 2020 WL 2306488, at *4 (N.D. Cal. May 8, 2020) (Title VII requires pleading exhaustion); *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (ADEA requires exhaustion).

The June 2018 EEO complaint, for the November 2017 performance evaluation, cannot be reasonably read to encompass causes of action related to any other challenged employment action. In deciding whether claims are "reasonably related", courts consider "whether the original EEOC investigation would have encompassed the additional charges." *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1476 (9th Cir. 1989) (citation omitted); *see also Madigan v. Babbitt*, 42 F. App'x 57, 59 (9th Cir. 2002) (quoting *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995)) ("[T]he EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." (emphasis in original)). Plaintiff concedes that the original EEO investigation did not include any claims related to the remedial training program, her termination, or other challenged employment action. Dkt. No. 33 ¶¶ 28–31. By March 2, 2021, the Department of Homeland Security had issued a Final Order adopting the EEOC's Administrative Judge's decision on Plaintiff's claim related to her 2017 performance evaluation. *Id*. Only after a final decision had been rendered in Plaintiff's EEO complaint, did she raise additional claims in an appeal of the final order. Dkt. No. 33 ¶ 31.

Not only were the claims not raised in the initial EEO complaint, but any claim stemming from an alleged challenged employment action are not reasonably related to the claim alleged in the EEO complaint. *See* EEOC Complaint attached to the Declaration of Valerie E. Smith dated December 4, 2023 as Exhibit A at 7.[1] To satisfy the exhaustion requirement, the Amended Complaint needs to be "'like or reasonably related to the allegations' in an administrative complaint submitted to the EEOC, such that they would fall within 'the scope of an EEOC investigation which could reasonably be expected to grow out of the administrative charge of discrimination.'" *Pringle v. Wheeler*, 478 F. Supp. 3d 899, 908 (N.D. Cal. 2020) (quoting *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1302 (N.D. Cal. 2020) (cleaned up)). When a complaint includes allegations that address conduct that postdates the EEOC's investigation but involve "the same actors and similar conduct" that are "consistent with" the plaintiff's

---

[1] The documents attached to this declaration are appropriate for judicial notice, not of the assertions of fact within the documents, but of Plaintiff's own description of the discrimination alleged in her administrative complaints. *See Pringle*, 478 F. Supp. 3d at 905 n.1 (N.D. Cal. 2020) *(citing Cruz v. Brennan*, No. 19-CV-01140-DMR, 2020 WL 1233886, at *5 (N.D. Cal. Mar. 13, 2020) (taking judicial notice of certain official records from plaintiff's EEO proceedings pursuant to Federal Rule of Evidence 201)).

"original theory of the case," such allegations may survive a motion to dismiss for failure to exhaust even though the conduct complained of occurred after the EEOC completed its investigation. *Id*. at 909 (citing *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003)); *see also Williams v. Wolf*, No. 19-CV-00652, 2019 WL 6311381, at *7–8 (N.D. Cal. Nov. 25, 2019). As such, when evaluating the similarity between an administrative complaint and a Title VII claim the Court should look to "'such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.'" *Vasquez*, 349 F.3d at 644 (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002)).

Here, Plaintiff's claim related to the 2017 performance evaluation involves different deciding managerial officials and factual circumstances from her non-exhausted claims (i.e., those concerning the training program, her termination, and any other challenged employment action). For example, the performance evaluation was issued by Mr. Scranton, Dkt. No. 33 ¶ 12. With respect to her training program, however, the Amended Complaint alleges no facts that Mr. Scranton assigned, formulated, oversaw, or was otherwise involved in her training program. Her termination was ordered by yet another official, Mr. Nunn, Dkt. No. 33 ¶ 24, which was based in part on his own observations as a Coach Evaluator ("CE") of Plaintiff's performance during 2019, Dkt. No. 33 at 253–256, and feedback from Plaintiff's supervisor David Samaniego during 2019. Dkt. No. 33 at 253–54. There is no indication that Mr. Scranton had any involvement in Plaintiff's 2019 supervision or evaluation. The termination was issued in response to Plaintiff's persistent deficiencies in the Core Competency of "Leadership" throughout 2019—which is a distinct set of factual circumstances from those underpinning the 2017 performance evaluation. Therefore, the claims related to her termination, the training program, or any other challenged employment action must be dismissed because the Amended Complaint does not allege exhaustion and such claims are not reasonably related to the EEO complaint for the 2017 performance evaluation.

Plaintiff cites multiple cases which are inapplicable and distinguishable. For example, Plaintiff relies upon *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973) which appears to be premised on a continuing violation doctrine that is no longer applicable. The Supreme Court's decision

in *National Railroad Passenger Corp. v. Morgan*, changed analysis that was relied upon in pre-2002 cases such as *Oubichon*, which rejected the continuing violations theory. In *National Railroad*, the Court held that each discrete adverse action constitutes a separate actionable unlawful employment practice under Title VII. *National Railroad* suggests that an EEOC charge should not be interpreted to include subsequent, discrete acts of discrimination. *See id*.; *see also Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 34 (D.D.C. 2003) (discussing National Railroad in the context of an exhaustion defense). Similarly, Plaintiff relies on *Sandhu v. Lockheed Missiles & Space Co.*, a state court decision from 1994, wherein the court held that Sandhu's claim for national origin discrimination was viable since the administrative investigation into his charge of race discrimination likely encompassed national origin as well. 26 Cal. App. 4th 846, 858-859 (1994). *Sandhu* is distinguishable because the court merely considered an alternate basis for discrimination for the *same* challenged employment action. Here, Plaintiff seeks to challenge multiple additional employment actions that were not alleged in the EEO complaint. As describe above, the acts alleged are discrete acts and are not reasonably related.

### B. Even If Plaintiff Can Plead Exhaustion, the Complaint Still Fails to State a Claim of Race or Gender Discrimination Under Title VII.

#### 1. The Amended Complaint Does Not State a Title VII Claim.

Even if Plaintiff did allege exhaustion, the Amended Complaint's failure to state factual allegations to support a claim for Title VII discrimination remains fatal. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal citation omitted)).

Plaintiff asserts, without citing any authority, that the second element of *Peterson* is met because her "credentials are demonstrated throughout the First Amended Complaint." Opp. at 12. However, the Amended Complaint lacks factual and temporal specifics regarding Plaintiff's qualifications as related to the alleged adverse employment action and is insufficient to allege a Title VII claim for discrimination related to her claims for the challenged employment actions. *See Janvier v. City of Oakland*, No. 22-CV-2330, 2022 WL 14813900, at *6 (N.D. Cal. Oct. 25, 2022) (finding allegations regarding qualifications insufficient where plaintiff did not provide facts explaining the requirements of her job or how she was

1  qualified for her position); *Thema v. Intel. Corp.*, No. 3:23-cv-00222-IM, 2023 U.S. Dist. LEXIS
2  151069, at *5–6 (D. Or. Aug. 28, 2023) (finding second element not sufficiently pled because plaintiff
3  failed to allege material facts related to his job performance).

4        Plaintiff also asserts that the 2017 performance evaluation and the training program are adverse
5  actions that satisfy *Peterson*'s third element. Opp. at 13. Contrary to Plaintiff's assertion, this is not the
6  same argument presented in Defendant's prior motion to dismiss. Rather, the Court previously found
7  that Plaintiff had "not sufficiently alleged that her placement on the performance plan constituted an
8  adverse employment action." Dkt. No. 31 at 13. Plaintiff claims that the Amended Complaint "adds
9  additional facts and allegations to sufficiently allege that the 'performance plan materially affected the
10 compensation, terms, conditions, or privileges of her employment sufficient to constitute an adverse
11 employment action.'" Opp. at 13. Yet Plaintiff cites none of those factual allegations in the Amended
12 Complaint. Instead, Plaintiff relies on a recitation of the elements.

13       Plaintiff also claims, without citing to any authority, that the Amended Complaint plausibly
14 alleges the fourth *Peterson* element: that similarly situated employee were treated more favorably than
15 she was treated. Employees are similarly situated if they have "similar jobs and display similar
16 conduct." *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1004 (9th Cir. 2019) (quoting
17 *Vasquez*, 349 F.3d at 641). While a comparator need not be identical, the plaintiff must at least plead
18 that the comparator is similarly situated "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755
19 (9th Cir. 2006). On this score, the Opposition does not meaningfully respond to Defendant's arguments,
20 that the Amended Complaint fails to allege that comparator employees were similarly situated to
21 Plaintiff with respect to their job performance, job responsibilities, or seniority. Plaintiff does not allege
22 that the laundry-list of alleged conduct attributed to the comparator employees, *see, e.g.*, Dkt. No. 33
23 ¶ 21, is the same that as the conduct that she engaged in which led to her challenged employment
24 actions. Furthermore, the Amended Complaint asserts that the behavior of "subordinate supervisors"
25 constitutes a relevant comparison, Dkt. No. 33 ¶ 20, but employees in subordinate positions are not
26 "similarly situated" to supervisory employees. *See Vasquez*, 349 F.3d at 641. Finally, the Amended
27 Complaint does not allege that any of the alleged comparator employees engaged in the same conduct at
28 Plaintiff. *Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1160 (9th Cir. 2010) (finding that plaintiffs were

1  distinguishable from comparator employees because, even though they both engaged in similar
2  underlying conduct, only the plaintiffs' conduct invited complaints).

3        Finally, Plaintiff cannot allege that any other circumstances surrounding the challenged
4  employment action gave rise to an inference of discrimination. Nowhere in the Amended Complaint or
5  the Opposition does Plaintiff provide non-conclusory allegations that any of the decisionmakers who
6  reviewed her performance and took action against her—including Mr. Scranton, Mr. Nunn, Mr.
7  Samaniego, and any officials charged with overseeing her training program—were motivated by
8  discriminatory, retaliatory, or otherwise improper reasons. *See Howell v. STRM LLC - Garden of Eden*,
9  No. 3:20-cv-00123-JSC, 2020 WL 5816582, at *3–4 (N.D. Cal. Sept. 30, 2020) (dismissing a pro se
10 plaintiff's complaint due to her failure to allege facts supporting an inference that she was terminated
11 because of her protected class, including failure to allege that "[d]efendants did not terminate other, non-
12 African American, heterosexual, or male employees who engaged in similar conduct"); *Duke v. City*
13 *Coll. of San Francisco*, 445 F. Supp. 3d 216, 233 (N.D. Cal. 2020) (dismissing an amended complaint
14 because there was no logical inference that plaintiff was terminated due to "his membership in a
15 protected class"). Because the Amended Complaint is devoid of any non-conclusory allegations that
16 show or support an inference that Plaintiff's "protected trait[s] actually played a role in" her
17 performance evaluation, training program, or termination, the Title VII claims must be dismissed. *Hazen*
18 *Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

19       **C.**    **For Substantially the Same Reasons, Plaintiff Fails to State a Claim for Age Discrimination**

20       Plaintiff's arguments misconstrue the Defendant's Motion to Dismiss. Instead of arguing no
21 allegations of pretext as in Defendant's first motion to dismiss, Defendant's argument focuses on the
22 Plaintiff's failure to allege facts to establish the plausibility of the claim. Plaintiff does not allege with
23 factual allegations that she performed her job adequately at the time of her termination nor does she
24 address Defendant's arguments that the Amended Complaint misleadingly relies upon a "Performance
25 Evaluation Input" for Plaintiff's performance 18 months before her termination during a period of 120
26 days. *See* Dkt. No. 33 at *71–72. Not only is this document not an overall performance evaluation, but it
27 is not sufficiently close in time to Plaintiff's termination to infer that she was performing the essential
28

functions of her job to the satisfaction of her employer prior to her termination. Just as the Court previously found, the Court should again find that, "the [Amended] Complaint lacks adequate detail regarding when these positive performance evaluations occurred relative to the termination of her employment on September 8, 2020. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1048, 1050 (9th Cir. 2012) (finding satisfaction of the qualifications element where Plaintiff had pled that her performance was satisfactory or better at 'all material times' and that she 'received consistently good performance reviews')." Dkt. No. 31 at 18.

Second, the Amended Complaint does not allege circumstances that plausibly suggest her termination was the result of age discrimination. For inferences by comparison to be plausible, a plaintiff must show that she is "similarly situated" with respect to conduct and job duties to favored employees, as in the Title VII context. *Norton v. PHC-ELKO, Inc.*, 673 F. App'x 714, 716 (9th Cir. 2016). None of the comparators satisfy the pleadings requirement. First the comparators were her subordinates and second, the pleadings concede that some of the comparators were older than Plaintiff, thus Plaintiff fails to create a plausible inference of age discrimination.

Plaintiff fails to address the argument that only alleges that "some" of the comparator employees were younger than Plaintiff, making any inference of age discrimination implausible. *See* Dkt. No. 33 ¶ 57. Plaintiff appears to concede that the set of comparator employees includes *older* employees receiving favorable treatment, which undermines her age discrimination claim. *See id.*; *Garity v. Donahoe*, No. 11-cv-01805, 2019 WL 1440257, at *8 (D. Nev. Mar. 31, 2019) (holding that plaintiff failed to make out a prima facie case of race discrimination because the comparator employees receiving favorable treatment included persons both inside and outside of the protected class). Plaintiff also does not allege the ages or even approximate number of younger comparator employees. *See* Dkt. No. 33 ¶ 57. Without any such information about the employees, Plaintiff cannot plausibly allege an inference of age discrimination. *See Chandler v. DeJoy*, No. 20-00924, 2021 WL 673289, at *14 (D. Ariz. Feb. 22, 2021) (granting motion to dismiss ADEA claim because the plaintiff failed to identify comparator employees by name, provide "even a rough approximation of how many" comparator employees were treated favorably, or even allege that they were "substantially younger"); *Brazill v. Cal. Northstate Coll. of Pharmacy, LLC*, 904 F. Supp. 2d 1047, 1052-53 (E.D. Cal. 2012) ("[T]he replacement of a slightly

younger employee will not give rise to a successful ADEA claim. The replacement must be substantially younger.... [A] ten-year age difference would be considered substantial.").

Furthermore, outside of the deficient comparator evidence, Plaintiff provides no allegations whatsoever to plausibly suggest that her age motivated her termination. *See Thompson v. Stanford Univ.*, No. 16-CV-06826, 2017 WL 7050673, at *2 (N.D. Cal. Nov. 3, 2017) (dismissing ADEA claim because, outside of alleging plaintiff's age and termination, the complaint was "devoid of factual allegations connecting the adverse employment action to age discrimination"); *see also Barnes v. Saul*, 840 F. App'x 943, 945-46 (9th Cir. 2020) (dismissing ADEA claim because complaint "provide[d] no facts to show that the hiring manager . . . discriminated against her because of her age."). Accordingly, Plaintiff's ADEA claim should be dismissed.

### D. Plaintiff's Retaliation Claim Suffers from Fatal Factual Gaps Establishing Causation.

The Amended Complaint fails to state a Title VII retaliation claim because it does not allege any causal link between Plaintiff's alleged participation in a discrimination investigation, Dkt. No. 33. at 15, and subsequent adverse employment action. The Opposition does not argue that the Amended Complaint properly alleged that the officials responsible for the challenged employment actions—including Mr. Scranton, Dkt. No. 33 ¶ 12, and Mr. Nunn, Dkt. No. 33 ¶ 24—were "aware that she had engaged in protected activity." *Raad v. Fairbanks N. Star Borough Sch. Dist.,* 323 F.3d 1185, 1197 (9th Cir. 2003) (citing *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)). Instead, Plaintiff cites to a prior declaration which similarly does not establish causation. Opp. at 21. Plaintiff's January 21, 2022, declaration does not allege that Mr. Scranton or Mr. Nunn were aware that she engaged in protected activity, when they became aware of her involvement, or the basis of her knowledge. Plaintiff's entire retaliation claim is premised on speculation, which is insufficient to survive a motion to dismiss.

Because alleging such awareness is part of alleging causation for a retaliation claim, the Amended Complaint lacks sufficient factual allegations to make out a claim for retaliation. *Id.* In addition, because the Amended Complaint does not state when Plaintiff allegedly engaged in protected activity, it cannot establish the "very close" temporal connection between protected activity and adverse

action required to support a retaliation claim. *See Sherman v. Pepperidge Farm, Inc.*, No. 22-cv-01781, 2023 U.S. Dist. LEXIS 75684, at *21 (C.D. Cal. Apr. 28, 2023) (citing *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254 (2d Cir. 2014)). Plaintiff clarifies that in early-to-mid 2017 she participated as a witness in an EEOC matter. Dkt. No. 33 ¶ 10. The Amended Complaint does not allege an approximate time frame between her alleged EEOC involvement and the alleged adverse action. *Jinadasa v. Brigham Young Univ.-Hawaii*, No. CIV. 14-00441 SOM/BM, 2015 WL 3407832, at *6 (D. Haw. May 27, 2015) (dismissing retaliation claim where plaintiff did not "for instance, even provide an approximate time frame for the allegedly retaliatory actions."); *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (explaining that to establish causation, the adverse employment action "must have occurred fairly soon after the employee's protected expression") (quoting *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009–10 (7th Cir. 2000)); *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987). "[T]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 1992)). Based on the Amended Complaint, it is impossible to determine whether the involvement occurred in January 2017 or immediately before Plaintiff's performance evaluation. Here, the pleadings prohibit an inference of causation. *See Villiarimo*, 281 F.3d at 1065 (citing cases where intervals of four months, five months, eight months, and one year were "too long to raise an inference of discrimination"). Accordingly, Plaintiff's Title VII retaliation claim should be dismissed.

### III.    CONCLUSION

For the reasons set forth in this Reply and the Memorandum of Points and Authorities, Defendant respectfully requests that the Court grant the Motion and dismiss the Amended Complaint in its entirety.

DATED:  December 4, 2023

Respectfully submitted,
ISMAIL J. RAMSEY
United States Attorney
 /s/  *Valerie E. Smith*
Valerie E. Smith
Assistant United States Attorney
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court of for the Northern District of California by using the CM/ECF system. Counsel in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: /s/ *Valerie E. Smith*
VALERIE E. SMITH
Assistant United States Attorney
Northern District of California
Civil Division