Case 3:22-cv-03997-SK   Document 45   Filed 12/19/23   Page 1 of 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN COLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-03997-SK<br><br>**ORDER REGARDING PLAINTIFF'S FILING PLEADING UNDER SEAL**<br><br>Regarding Docket No. 33 |

  Plaintiff filed her entire First Amended Complaint ("FAC") under seal without first filing a motion to file under seal and without first seeking the Court's approval, in violation of Northern District Local Civil Rule 79-5. Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 and n. 7 (1978). Thus. "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted).

  "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture," and must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (cleaned up). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to

1  gratify private spite, promote public scandal, circulate libelous statements, or release trade
2  secrets." *Id.* at 1179 (citing *Nixon,* 435 U.S. at 598). "The mere fact that the production of
3  records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will
4  not, without more, compel the court to seal its records." *Id.* (citing *Foltz,* 331 F.3d at 1136).

5  The Ninth Circuit has "carved out an exception to the presumption of access to judicial
6  records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-*
7  *dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation,* 686 F.3d
8  1115, 1119 (9th Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original).
9  Where the exception applies, the party seeking to seal need only demonstrate that there is "good
10 cause" under Federal Rule of Civil Procedure 26(c) to seal. *See Pintos v. Pac. Creditors Ass'n,*
11 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to non-dispositive motions
12 because such motions "are often unrelated, or only tangentially related, to the underlying cause of
13 action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c), a trial court has
14 broad discretion to permit sealing of court documents for, *inter alia,* the protection of "a trade
15 secret or other confidential research, development, or commercial information." Fed. R. Civ. P.
16 26(c)(1)(G). However, even under the "good cause" standard of Rule 26(c), a party must make a
17 "particularized showing" with respect to any individual document in order to justify sealing the
18 relevant document. *Kamakana,* 447 F.3d at 1180. "Broad allegations of harm, unsubstantiated by
19 specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus.,*
20 *Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation
21 omitted).

22 Plaintiffs' First Amended Complaint is the pleading on which this action is based.
23 Therefore, the Court applies the "compelling reasons" standard to any request to seal portions of
24 the pleading or motion to amend the pleadings. *See*, *e.g.*, *Unlockd Media, Inc. Liquidation Tr. v.*
25 *Google LLC*, 2022 WL 4624985, at *1 (N.D. Cal. Sept. 30, 2022); *Space Data Corp. v. Alphabet*
26 *Inc.*, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard
27 governed motion to seal portions of the complaint); *In re NVIDIA Corp. Derivative Litig.*, 2008
28 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual

1  pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a
2  suit arises and must be disposed of.").

3  Additionally, a party seeking to file a document, or portion of a document, under seal must
4  also comply with Civil Local Rule 79-5, which supplements the "compelling reasons" standard.
5  *AIU Ins. Co. v. McKesson Corp.*, 598 F. Supp. 3d 774, 779 (N.D. Cal. 2022)). Under Civil Local
6  Rule 79-5, a party seeking to conceal information by filing it under seal "must explore all
7  reasonable alternatives to filing documents under seal, minimize the number of documents filed
8  under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting
9  the truly sensitive information in a document)." Civil L.R. 79-5(a). The motion to seal must
10 include a specific statement of the applicable legal standard and the reasons for keeping a
11 document under seal, including an explanation of 1) the legitimate private or public interests that
12 warrant sealing; 2) the injury that will result if sealing is denied; and 3) why a less restrictive
13 alternative to sealing is not sufficient. Civil L.R. 79-5(c)(1). The motion must also include
14 evidentiary support from declarations as necessary, and a proposed order that is narrowly tailored
15 to seal only the sealable material and which lists in table format each document or portion thereof
16 that the party seeks to seal. Civil L.R. 79-5(c)(2), (3).

By no later than 2:00 p.m. on December 21, 2023, Plaintiff shall file an administrative motion demonstrating which portions, if any, of the FAC should be filed under seal. Plaintiff shall comply with the procedural requirements of Rule 79-5. Additionally, by no later than December 28, 2023, Plaintiff's counsel shall SHOW CAUSE why counsel should not be personally sanctioned in the amount of $200 for filing the FAC under seal without first filing a motion to seal in violation of Rule 79-5.

**IT IS SO ORDERED**.

Dated: December 19, 2023



SALLIE KIM
United States Magistrate Judge