VERNON C. GOINS II (CA SBN 195461)
vgoins@goinslawfirm.com
RAVNEET SANDHU (SBN 338166)
nsandhu@goinslawfirm.com
LAW OFFICES OF VERNON C. GOINS
1970 Broadway, Suite 450
Oakland, CA 94612
Telephone: (510) 663-3700
Facsimile: (510) 663-3710

Attorneys for Plaintiff
ROSALYN COLE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ROSALYN COLE, | Case No. 22-cv-03997-SK |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION & MOTION TO REMOVE INCORRECTLY FILED DOCUMENT (DOCKET ITEM NO. 33); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and DOES 1 through 10, inclusive, | Filed:  July 8, 2022<br>Judge:  Honorable Sallie Kim |
| Defendants. | |

PLAINTIFF'S NOTICE OF MOTION & MOTION TO REMOVE INCORRECTLY FILED DOCUMENT (DOCKET ITEM NO. 33);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
*Cole v. Mayorkas*
USDC – NDCA Case No. 22-CV-3997 SK

1

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Plaintiff ROSALYN COLE ("Plaintiff") respectfully submits this Motion to Remove Incorrectly Filed Document: Docket Item No. 33.

Plaintiff moves to remove the following pages of Plaintiff's First Amended Complaint, filed on September 25, 2023 as Docket No. 33 in this action: pages 64, 81, 83, 187, 204, and 206 (hereinafter referred to as the "unmarked pages"). Plaintiff seeks to remove the unmarked pages because they inadvertently omitted certain redactions of confidential and protected information covered under Rule 5.2 of the Federal Rules of Civil Procedure ("FRCP") and was intended to be, and should have been, redacted at the time of filing. For this reason, Docket No. 33 should not be made public and should instead be removed from the public record and the electronic case filing ("ECF") system for this action and subsequently replaced with a corrected and redacted version of the First Amended Complaint (and no other changes).

Accordingly, Plaintiff requests that Docket Item No. 33 be permanently deleted from the docket.

Dated: December 20, 2023                    LAW OFFICES OF VERNON C. GOINS

/s/ Ravneet Sandhu
VERNON C. GOINS II
RAVNEET SANDHU
Attorneys for Plaintiff
ROSALYN COLE

PLAINTIFF'S NOTICE OF MOTION & MOTION TO REMOVE INCORRECTLY FILED DOCUMENT (DOCKET ITEM NO. 33); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
*Cole v. Mayorkas*
USDC – NDCA Case No. 22-CV-3997 SK

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In accordance with Northern District of California Civil L.R. 7-11, Plaintiff ROSALYN COLE ("Plaintiff") respectfully submits this Administrative Motion to Remove Incorrectly Filed Documents from the Court's public docket and electronic case filing ("ECF") system for this action. Plaintiff hereby moves to remove the following pages of Plaintiff's First Amended Complaint, filed on September 25, 2023 as Docket No. 33 in this action: pages 64, 81, 83, 187, 204, and 206 (hereinafter referred to as the "unmarked pages"). Plaintiff seeks to remove the unmarked pages because they inadvertently omitted certain redactions of confidential and protected information covered under Rule 5.2 of the Federal Rules of Civil Procedure ("FRCP") and was intended to be, and should have been, redacted at the time of filing.

This Motion is based on this Motion and Memorandum of Points and Authorities in support thereof, on the concurrently filed Declaration of Ravneet Sandhu in support of this Motion, on all papers and records on file herein, and such evidence, both oral and documentary, as may be presented at the hearing of this Motion.

## II. BACKGROUND & SUMMARY OF FACTS

On November 2, 2023 at 9:42 a.m., Defendant's counsel notified Plaintiff's counsel that Plaintiff's social security number (SSN) was not redacted in the attachments to the First Amended Complaint ((Dkt. No. 33) and that Plaintiff's SSN was consequently open to the public. (Decl. of Sandhu at ¶ 6.) Immediately thereafter, Plaintiff's counsel reviewed the entirety of the First Amended Complaint, including all attachments contained therein, and located a total of six (6) pages in the First Amended Complaint containing Plaintiff's unredacted SSN.

On November 2, 2023, at 12:52 p.m., Plaintiff's counsel promptly notified this Court's Civil Case Docketing & Docketing Correction department to inform the Court that Plaintiff's unredacted SSN was inadvertently included on pages 64, 81, 83, 187, 204, and 206 of the First Amended Complaint filed as Docket 33. (Decl. of Sandhu ¶ 8.) Plaintiff's counsel further indicated that Plaintiff's SSN is sensitive and confidential information that must be redacted to

PLAINTIFF'S NOTICE OF MOTION & MOTION TO REMOVE INCORRECTLY FILED DOCUMENT (DOCKET ITEM NO. 33); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
*Cole v. Mayorkas*
USDC – NDCA Case No. 22-CV-3997 SK

3

1  avoid public disclosure and subsequently informed the Court that Plaintiff would be filing a
2  motion to remove the incorrectly filed documents. Plaintiff's counsel then informed
3  Defendants' counsel that the Court had been notified of the unmarked pages and that Plaintiff
4  would be filing a motion to remove the unmarked pages shortly thereafter.

5        On November 2, 2023, at 10:34 p.m., Plaintiff's counsel was informed by the Docket
6  Corrections department that "Docket No. 33 has been sealed from public view." (Decl. of
7  Sandhu at ¶ 10.) Plaintiff's counsel interpreted this statement to mean that public access to the
8  inadvertently filed documents was temporarily blocked.

### III. ARGUMENT

#### a. Legal Standard

A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." (*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).) Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts.

In limited circumstances, there may be grounds for curtailing public access. Courts traditionally recognize an exception where the record is one "traditionally kept secret." (*Kamakana v. City and Cnty of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006); see Civil L.R. 79-5(a) ("The public has a right of access to the Court's files."). A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document). (N.D. Cal. Civil L.R. 79-5.)

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L-R 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." (*Id.*)  A party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why. (*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).)

PLAINTIFF'S NOTICE OF MOTION & MOTION TO REMOVE INCORRECTLY FILED DOCUMENT (DOCKET ITEM NO. 33);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
*Cole v. Mayorkas*
USDC – NDCA Case No. 22-CV-3997 SK

4

### b. Good Cause Exists to Remove the Incorrectly Filed Documents Because the Unredacted Information is Entitled to Protection Under the Law

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ALL documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing.. "If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "blacked out" or redacted before the document is submitted to the Clerk's Office for filing. A person filing any document containing their own personal identifying information waives the protection of Rule 5.2(a) by filing the information without redaction and not under seal." (USCS Fed Rules Civ Proc R 5.2.)

Personal information protected by Rule 5.2(a) includes social security and taxpayer identification numbers. Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure (FRCP 5.2), "Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number... a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number…" (*Id.*) The clerk is not required to review documents filed with the court for compliance with this rule. The responsibility to redact filings rests with counsel and the party or nonparty making the filing. (*Id.*)

Here, Plaintiff's First Amended Complaint was inadvertently and incorrectly filed with exhibits containing all digits of Plaintiff's unredacted social security number, thereby making Plaintiff's social security number available for public access and disclosure. Good cause therefore exists to remove the unredacted version of Plaintiff's First Amended Complaint to protect Plaintiff's personal and confidential information from public disclosure, and to replace the document filed as Docket No. 33 with a correctly filed and redacted version of the First Amended Complaint in accordance with FRCP Rule 5.2.

PLAINTIFF'S NOTICE OF MOTION & MOTION TO REMOVE INCORRECTLY FILED DOCUMENT (DOCKET ITEM NO. 33);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
*Cole v. Mayorkas*
USDC – NDCA Case No. 22-CV-3997 SK

5

1  Additionally, it is a more reasonable alternative to remove—not seal—the incorrectly filed documents. Pursuant to Civil Local Rule 79-5, a party seeking to conceal information by filing it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a).

Here, it is not necessary to seal the incorrectly filed documents because the information sought to be removed is personal information protected by Rule 5.2(a); the proper method to remove this information is to redact all but the last four digits of the SSN. Moreover, Plaintiff's interests can be protected by simply removing unmarked pages with Plaintiff's protected information and replacing it with a properly redacted copy of the same document. Plaintiff shall immediately file a corrected version of Plaintiff's First Amended Complaint with appropriate redactions made to the six (6) unmarked pages and no other changes to Plaintiff's First Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to permanently remove the unmarked pages from the Court's public docket and ECF to allow the filing of Plaintiff's First Amended Complaint that correctly redacts the personally identifying information.

Dated: December 20, 2023                LAW OFFICES OF VERNON C. GOINS


/s/ Ravneet Sandhu
VERNON C. GOINS II
RAVNEET SANDHU
Attorneys for Plaintiff
ROSALYN COLE

PLAINTIFF'S NOTICE OF MOTION & MOTION TO REMOVE INCORRECTLY FILED DOCUMENT (DOCKET ITEM NO. 33); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
*Cole v. Mayorkas*
USDC – NDCA Case No. 22-CV-3997 SK

6