UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN COLE,<br>  Plaintiff,<br>v.<br>ALEJANDRO MAYORKAS,<br>  Defendant. | Case No. 22-cv-03997-SK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Regarding Docket No. 33, 36 |

This matter comes before the Court upon consideration of the motion to dismiss filed by defendant Alejandro Mayorkas, Secretary of the United States Department of Homeland Security ("Defendant"). (Dkt. No. 36.) Plaintiff Rosalyn Cole ("Plaintiff") filed her First Amended Complaint ("FAC") on September 25, 2023. (Dkt. No. 33.) Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Defendant's motion to dismiss WITHOUT LEAVE TO AMEND for the reasons set forth below.

## BACKGROUND

Plaintiff was employed by the United States Department of Homeland Security ("DHS") as a Federal Emergency Management Agency ("FEMA") Federal Coordinating Officer ("FCO"). (Dkt. No. 33 at ¶ 2.) The facts of this case are described in detail in the Order granting Defendant's first motion to dismiss. (Dkt. No. 31.) Plaintiff did not substantially alter the factual basis of her claims in her FAC. Therefore, the Court will not repeat the summary of Plaintiff's claims in this Order. To the extent Plaintiff substantively amended the facts underlying her claims, the Court will address such allegations in the analysis section below.

## ANALYSIS

**A.  Applicable Legal Standards on a Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under

Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)).  Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as undisputed matters of public record, may be considered on a motion to dismiss, and documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2011); *see also U.S. v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003) (courts may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.").  In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed.*

2

*Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ."  *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

### B. Defendant's Motion to Dismiss

#### 1. Failure to Exhaust.

Defendant again moves to dismiss Plaintiff's claims on the grounds that Plaintiff fails to allege that she administratively exhausted her claims.  As the Court previously explained, a plaintiff must first exhaust her administrative remedies before filing a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").  *See Sommatino v. U.S.*, 255 F.3d 704, 707-708 (9th Cir. 2001).  The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA") similarly requires exhaustion before bringing an action in federal court.  *See Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).  To satisfy this requirement, the plaintiff's judicial complaint must be "'like or reasonably related to the allegations' in an administrative complaint submitted to the EEOC, such that they would fall within 'the scope of an EEOC investigation which could reasonably be expected to grow out of the administrative charge of discrimination.'"  *Pringle v. Wheeler*, 478 F.Supp.3d 899, 908 (N.D. Cal. 2020) (quoting *Cloud v. Brennan*, 436 F.Supp.3d 1290. 1302 (N.D. Cal. 2020) (cleaned up)).  When a complaint includes allegations that address conduct postdating the EEOC's investigation but involving "the same actors and similar conduct" that are "consistent with" the plaintiff's "original theory of the case," such allegations may survive a motion to dismiss for failure to exhaust even though the conduct complained of occurred after the EEOC completed its investigation.  *Id.* at 909; *see also Williams v. Wolf*, 2019 WL 6311381, at *7-8 (N.D. Cal. Nov. 25, 2019).

The Court previously determined that Plaintiff's administrative EEOC complaint only addressed Plaintiff's 2017 performance review.  As noted earlier, even if Plaintiff's allegations regarding the performance plan and the termination of her employment in 2020 post-dated her EEOC complaint arising from her 2017 performance review, her claim was not necessarily doomed for failure to exhaust.  *Williams*, 2019 WL 6311381, at *7 (noting Ninth Circuit precedent "holding that even subsequent incidents that the EEOC could not have investigated can be

sufficiently related to an earlier administrative complaint to satisfy the exhaustion requirement") (internal quotation marks omitted).  However, while some of Plaintiff's allegations in her original complaint regarding her 2017 performance review, the performance plan, and termination were consistent with her theory of the case – race and gender discrimination – Plaintiff failed to provide sufficient details to tie the performance plan and termination of her employment in 2020 to her EEOC complaint based on the 2017 performance review.  (Dkt. No. 31.)

Specifically, the Court noted that Plaintiff failed to allege sufficient detail as to the timeline of the EEOC investigation in which she served as a witness relative to the subsequent challenged employment actions, and whether and to what extent the performance plan and the termination of her employment involved "the same actors and similar conduct" as the EEOC investigation and her initial performance review.  Additionally, while Plaintiff alleged that unidentified "FEMA management" was aware of her participation in the EEOC investigation that preceded her negative performance review, she did not allege a link between officers with that awareness and the supervisor who issued the performance review.  Nor did she indicate more than a conclusory connection between people in FEMA management who were aware of her participation in the EEOC investigation, the supervisor who issued the performance review, and the officer(s) who were responsible for evaluating her completion of the performance plan and deciding to terminate her employment.  (*Id.*)

The Court concluded that, without more consistency in her theory of the case and detail regarding the timeline, actors, and discriminatory nature of the conduct alleged, Plaintiff had not alleged sufficient connection between the performance review, the performance plan, and termination of her employment to satisfy the administrative exhaustion requirement for the latter two claims.  Therefore, the Court dismissed Plaintiff's Title VII and ADEA claims regarding the performance plan and termination of her employment but granted Plaintiff leave to amend to adequately allege these connections or otherwise allege administrative exhaustion of claims relating to the performance plan and the termination of her employment.  (*Id.*)

Despite the clear direction from the Court as to what was missing, Plaintiff did not add the necessary detail in her FAC or otherwise demonstrate that she satisfied the administrative

exhaustion requirement to the extent her claims are premised on the performance plan or termination of her employment. For example, Plaintiff still states that "FEMA management" was aware of her participation in the EEOC investigation, without stating specifically who in management and whether anyone who made the relevant employment decisions about Plaintiff had such knowledge before making such determinations. (Dkt. No. 33, ¶ 11.) Nor does Plaintiff allege any more detail to show that the performance plan and the termination of her employment involved the same actors and alleged similar conduct as the EEOC investigation and her initial performance review. Therefore, the Court finds that Plaintiff fails to allege facts sufficient to show that her performance plan and termination were sufficiently related to her EEOC complaint on the 2017 performance review to satisfy the exhaustion requirement.

Nor does Plaintiff allege that she filed any EEOC charge other than the one she filed on June 14, 2018, regarding her 2017 performance review. (Dkt. No. 33, ¶ 28.) Instead, Plaintiff tries to expand the scope of her EEOC complaint by pointing to her references to her performance plan and termination of her employment in 2020 in her appeal of the DHS's adoption of the EEOC's Administrative Judge's order, which she did not file until January 21, 2022. (Dkt. No. 33, Ex. B.)[1]

Plaintiff could have, but failed to, move to amend her administrative complaint. *See* 29 C.F.R. § 1614.106(d) ("A complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint. After requesting a hearing, a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint."). The regulations also contemplate that an agency will have an opportunity to investigate claims added to the complaint by amendment. *See* 29 C.F.R. § 1614.106(e) ("The agency shall acknowledge receipt of . . . an amendment to a complaint in writing and inform the complainant of

---

[1] The Court may consider this document on the motion to dismiss because Plaintiff attached a copy to her FAC. *Ritchie*, 342 F.3d at 907-908 (courts may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.").

1  the date on which the complaint or amendment was filed. . . . When a complaint has been

2  amended, the agency shall complete its investigation within the earlier of 180 days after the last

3  amendment to the complaint or 360 days after the filing of the original complaint."). Notably,

4  Plaintiff was represented by counsel throughout the entire administrative process. (Dkt. No. 20-3

5  (Ex. B to the Declaration of Valerie E. Smith).)[2] Thus, Plaintiff should have been aware of the

6  administrative procedures and regulations but did not request to amend her administrative

7  complaint.

8         As the Ninth Circuit has made clear, "[t]he administrative charge requirement serves the

9  important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for

10 prompt adjudication and decision.'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir.

11 2002) (quoting *Park v. Howard Univ.,* 71 F.3d 904, 907 (D.C.Cir.1995) and citing *Babrocky v.

12 Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir. 1985) ("Allowing a complaint to encompass

13 allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's

14 investigatory and conciliatory role, as well as deprive the charged party of notice of the charge. . .

15 .")). Because failing to comply with the exhaustion requirement deprives the employer of notice

16 and deprives the EEOC of its investigatory and conciliatory role, courts have even precluded

17 judicial claims even where the EEOC allowed a formal amendment of the EEOC complaint but

18 did so erroneously. *See Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)

19 (finding EEOC's willingness to allow an amendment is not determinative because "permitting a

20 late amendment . . . adding an entirely new theory of recovery would eviscerate the administrative

21 charge filing requirement altogether by depriving the employer of adequate notice and resulting in

22 a failure to investigate by the responsible agency") (internal quotation marks omitted); *see also*

---

[2] Courts "may consider materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The doctrine of incorporation by reference includes documents on which the complaint necessarily relies or where the contents of the documents are alleged in a complaint, the documents' authenticity are not in question and there are no disputed issues as to the documents' relevance. *Id*. Plaintiff alleges that she exhausted her administrative remedies by filing a charge of discrimination on June 14, 2018 but does not actually attach her administrative complaint. (Dkt. No. 33, ¶ 28.) Defendant submitted Plaintiff's June 14, 2018 administrative complaint as Exhibit B to Smith's Declaration.

United States District Court
Northern District of California

*Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1988) (finding judicial claim barred for failure to exhaust when administrative claim was untimely amended); *Baker-Notter v. Freedom F., Inc.*, 2019 WL 4601726, at *6 (D.D.C. Sept. 23, 2019) ("When claims are added to an EEOC charge after the expiration of the time for filing an EEOC charge, the potential defendant is not on notice of those claims within the appropriate amount of time and, thus, a crucial purpose of the administrative exhaustion requirement has gone unfulfilled").

Merely referencing alleged additional acts of discrimination in an appeal of an administrative order does not constitute an amendment of Plaintiff's EEOC administrative complaint. And even if it could be construed in such a manner, the Court would reject Plaintiff's belated and informal attempts to expand the scope of her EEOC complaint because it would have deprived Defendant of notice and the EEOC of its investigative and conciliatory roles. Therefore, with the exception of the 2017 performance review, the Court finds that Plaintiff failed to administratively exhaust her Title VII and ADEA claims and GRANTS Defendant's motion to dismiss Plaintiff's claims to the extent they are based on her performance plan and termination in 2020.

Plaintiff's ADEA claim only address the termination of her employment in 2020 and not the 2017 performance review. (Dkt. No. 33, ¶¶ 56-58.) The Court noted this in the Order addressing Defendant's first motion to dismiss, and Plaintiff did not include any additional allegations in her ADEA claim in her FAC. Therefore, the Court GRANTS Defendants' motion dismisses Plaintiff's ADEA claim in its entirety. Additionally, because the Court already provided leave to amend to allege facts demonstrating exhaustion, the dismissal is with prejudice. The Court will address Plaintiff's remaining claims to the extent they are based on her 2017 performance review below.

**2. Plaintiff's Title VII Discrimination Claims Based on the 2017 Performance Review.**

As the Court noted in its Order on the prior motion to dismiss, to state a *prima facie* claim of discrimination based on disparate treatment under Title VII, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse

7

employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.* 358 F.3d 599, 603 (9th Cir. 2004).

The Court determined that Plaintiff had adequately alleged that her 2017 performance review constituted an adverse employment action but that Plaintiff failed to allege sufficient allegations to satisfy the remaining elements. Namely, the Court held that despite her general allegations, Plaintiff failed to adequately allege her qualifications in a way that enabled Defendant to respond. Specifically, the Court explained that her Complaint lacked factual and temporal specifics regarding her qualifications, awards, and performance evaluations and awards and was thus "insufficient, without more, to show that [she] was qualified for the position." *Gonzalez v. Buttigieg*, 2021 WL 4993056, at *3 (C.D. Cal. Oct. 27, 2021) (finding allegations regarding qualifications insufficient where plaintiff's complaint stated only that she had performed her duties acceptably and there were no reported problems concerning her performance); *see also Janvier v. City of Oakland*, 2022 WL 14813900, at *6 (N.D. Cal. Oct. 25, 2022) (finding allegations regarding qualifications insufficient where plaintiff did not provide facts explaining how she was qualified for her position); *Ostrander v. St. Columba School*, 2022 WL 432728, at *4 (S.D. Cal. Feb. 10, 2022) (finding allegations regarding qualifications sufficient where plaintiff alleged specific credentials and detailed experience). (Dkt. No. 31.)

Additionally, while finding that the sufficiency of Plaintiff's allegations was a "close call," the Court found that she failed to adequately allege that similarly situated individuals outside of her protected classes were treated more favorably. *Williams*, 2019 WL 6311381, at *11. The Complaint only addressed whether the other purportedly comparable employees were "similarly situated" with respect to "job description" and whether an unspecified number of them were reprimanded for their own unspecified acts of misconduct but did not address how these purportedly comparable employees were similar to her with respect to "job performance or seniority." *Id.* (Dkt. No. 31.)

With respect to alleging that she was qualified for her position, Plaintiff had alleged: "Prior to her 2017 annual performance review by supervisor Tim Scranton, Plaintiff never received any

8

verbal or written disciplinary actions during her employment with FEMA. While in this position, Ms. Cole received positive performance evaluations and several awards for her work." (Dkt. No. 1, ¶ 9.) Plaintiff amended this allegation slightly to state: "From approximately 2013 until 2017, Plaintiff was employed as a FEMA Federal Coordinating Officer ("FCO"), GS-15. While in this position, Plaintiff was never disciplined or informed any issues with work performance (see attached commendations, letters of support, awards, and other related documents attached to Plaintiff's Declarations to Exhibits A." (Dkt. No. 33, ¶ 9.) Plaintiff's attachments contain a letter of thanks written to Plaintiff in 2019 and emails from 2020, none of which appear to be from Plaintiff's supervisors evaluating her performance or address Plaintiff's performance in 2017. (*Id.*, Ex. A.) Therefore, Plaintiff's amendments, taken as true, fail to show that Plaintiff was qualified at the time she was issued the 2017 performance review.

However, even if Plaintiff had sufficiently amended her pleading to show that she was qualified at the time of her 2017 performance review, she still fails to allege that similarly situated people were treated more favorably. Despite the Court's detailed explanation of what was missing from Plaintiff's Title VII claims, Plaintiff did not make any substantive changes to her allegations to show that similarly situated persons were treated differently. (*Compare* Dkt. No. 1, ¶¶ 16-18 *with* Dkt. No. 33, ¶¶ 20-22.) Plaintiff did not include *any* additional allegations to explain how the purportedly comparable employees were similar with respect to job performance or seniority. Therefore, the Court finds that Plaintiff fails to plead sufficient facts to bring her Title VII discrimination claims. Additionally, because the Court already carefully explained how her allegations were deficient and Plaintiff failed to cure these defects, the Court will not provide Plaintiff with another opportunity to cure the same defects. Thus, the Court GRANTS Defendant's motion to dismiss Plaintiff's Title VII discrimination claims with prejudice.

### 3. Plaintiff's Retaliation Claim Under Title VII.

To allege a *prima facie* case of retaliation, the plaintiff must show that she engaged in a protected activity, was subsequently subjected to an adverse employment action, and that a causal link exists between the two events. *Dawson v. Entek Int'l.*, 630 F.3d 928, 936 (9th Cir. 2011). The causal link may be inferred from circumstantial evidence, including the employer's

knowledge of the protected activities or the proximity in time between the protected activity and the adverse action. *Id.* To show knowledge, "a plaintiff must present evidence that shows that the particular decision maker who authorized or committed the adverse employment action was aware that plaintiff had engaged in protected activity." *Dotson v. Cty. of Kern*, 2011 WL 902142, at *8 (E.D. Cal. Mar. 15, 2011) (discussing in context of burden at summary judgment). However, where an "employee with bias . . . precipitates an investigation that leads to an adverse employment action but an employee without bias makes the final decision to take the adverse action," the precipitating employee's bias "is imputed to the employer if the plaintiff can prove that the allegedly independent adverse employment decision was not actually independent because the biased subordinate influenced or was involved in the decision or decisionmaking process." *Poland v. Chertoff*, 494 F.3d 1174, 1181, 1182 (9th Cir. 2007). In considering allegations of causation on the basis of temporal proximity, "when adverse employment decisions are taken within a reasonable period of time" following protected activity under Title VII, "retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000).

    The Court previously granted Defendant's initial motion to dismiss because Plaintiff failed to state a claim for retaliation based on her allegations that her involvement as a witness in someone else's EEOC claim and investigation "shortly before" her 2017 performance review and that "FEMA management" had been aware of her participation in that EEOC investigation. In particular, the Court explained that Plaintiff failed to allege a causal link between the 2017 performance review and her protected activity under either the knowledge or temporal proximity theory. Plaintiff failed to allege that the relevant officials had knowledge of her participation in the EEOC investigation preceding the 2017 performance review or that the protected activity occurred in sufficiently close temporal proximity to the adverse action to raise an inference of retaliation. (Dkt. No. 31.)

    Again, Plaintiff failed to make substantive changes to her FAC to cure these defects. As she did in her original Complaint, in her FAC she merely alleges that "FEMA management" was aware of her participation, but does not allege that the supervisor who issued the 2017

1  performance review was among those "FEMA management" officials who were aware of her
2  participation, that the supervisor was made aware of her participation by the "FEMA
3  management" officials who were aware, or that those "FEMA management" officials who were
4  aware of her participation instigated and tainted the 2017 performance review.  Thus, Plaintiff
5  again fails to allege that a manager with a retaliatory motive arising from knowledge of her
6  participation in the EEOC investigation took action on that knowledge.

7        Additionally, in her FAC, Plaintiff again alleges that "shortly after" her participation as a
8  witness, Plaintiff received her 2017 performance review.  (Dkt. No. 33, ¶¶ 12, 13.)  Plaintiff did
9  add in the SAC that she witnessed the unlawful discriminatory contact towards another employee
10 "[i]n early to mid 2017."  (*Id*., ¶ 10.)  Scranton signed her 2017 performance review on March 29,
11 2018.  (Dkt. No. 20-4, Ex. C to Smith Decl.)[3]  This one detail is insufficient to demonstrate a
12 temporal proximity.  Notably, Plaintiff does not allege when she participated in the EEOC
13 investigation or when unspecified "FEMA management" became aware of her participation.  As
14 the Court previously explained, the Ninth Circuit indicated that a lapse of four months between the
15 protected activity and the adverse employment action precludes drawing an inference of retaliation
16 from the timing alone.  *Villarimo*, 281 F.3d at 1065.  Accordingly, the Court again finds that
17 Plaintiff fails to allege a causal link necessary for her retaliation claim and GRANTS Defendant's
18 motion to dismiss this claim.  Because the Court has already explained Plaintiff's deficiencies in
19 detail and because Plaintiff failed to cure them, the Court will not provide Plaintiff with another
20 opportunity to amend her pleading.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /

---

[3] Plaintiff necessarily relies on her 2017 performance review but did not attach a copy. The Court may consider the actual 2017 performance review as incorporated into her FAC.  *Coto Settlement*, 593 F.3d at 1038.

**CONCLUSION**

Based on the foregoing, the Court GRANTS Defendant's motion and DIMISSES Plaintiff's complaint in full without leave to amend.

**IT IS SO ORDERED**.

Dated: January 16, 2024



SALLIE KIM
United States Magistrate Judge